IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY, #A0201434 | CIVIL NO. 12-00293 LEK/KSC |
| Plaintiff, | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND MOTION FOR APPOINTMENT OF COUNSEL; AND ORDER TO SHOW CAUSE |
| vs. | |
| NEIL ABERCROMBIE, et al., | |
| Defendants. | |

### ORDER DENYING IN FORMA PAUPERIS APPLICATION AND MOTION FOR APPOINTMENT OF COUNSEL; AND ORDER TO SHOW CAUSE

Before the court is *pro se* Plaintiff Michael C. Tierney's prisoner civil rights complaint, *in forma pauperis* ("IFP") application, and motion for appointment of counsel. Plaintiff alleges that Defendants Hawaii Governor Neil Abercrombie, Oahu Community Correctional Center ("OCCC") Warden Francis Sequeira, OCCC Adjustment Committee Member Rochelle Nieto, and OCCC Staff Investigator Sgt. Maesaka violated his constitutional rights by placing him in administrative segregation, finding him guilty of a disciplinary infraction, and converting OCCC from "single occupancy prison to double occupancy." Compl., ECF #1 at 5-7. For the following reasons, Plaintiff's IFP application is DENIED as incomplete, his motion for appointment of counsel is DENIED, and he is ORDERED TO SHOW CAUSE why he should be allowed to proceed IFP in this action.

//

//

## I. DISCUSSION

**A. 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

The federal courts' public dockets and electronic records, http://pacer.psc.uscourts.gov, ("PACER"), reveal that Plaintiff has filed numerous civil actions in this and other federal courts that were dismissed as frivolous or for failing to state a claim.[1] *See e.g., Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (finding that Plaintiff had three strikes under 28 U.S.C. § 1915(g)); *Tierney v. Clinton*, 1996 WL 310171 (D.C. Cir. May 28, 1996), *aff'g Tierney v. Clinton*, Civ. No. 1:95-01268 UNA (dismissing action as frivolous); *Tierney v. United States*, Civ. No. 11-00082 HG Doc. No. 6 (D. Haw. 2011) (dismissing as

---

[1] The court may raise *sua sponte* the § 1915(g) problem, and the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005) ("*Andrews I*").

frivolous and finding Plaintiff had accrued three strikes); *Tierney v. United States*, Civ. No. 10-00675 HG (D. Haw. 2010) (dismissing as frivolous and finding Plaintiff had accrued three strikes); *Tierney v. United States*, Civ. No. 10-00166 HG (D. Haw. 2010) (dismissing as frivolous and finding the dismissal counted as a strike); *Tierney v. United States*, Civ. No. 08-00543 HG (D. Haw. 2010) (dismissing as frivolous); *Tierney v. United States*, Civ. No. 08-00326 JMS (D. Haw. 2008) (finding complaint failed to state a claim); *Tierney v. Quiggle*, Civ. No. 96-5995 (W.D. Wash. 1997).

**B.   No Imminent Danger of Serious Physical Injury**

As noted above, Plaintiff has been explicitly informed that he has accrued three strikes numerous times. *See Andrews I*, 398 F.3d at 1120 (requiring defendants or the court to notify a plaintiff of dismissals supporting a § 1915(g) dismissal before granting defendants' motion to revoke IFP and dismiss case). Plaintiff's awareness of these strikes is further suggested by his failure to affirmatively answer the form complaint's query as to whether he has brought other lawsuits while a prisoner.  He instead questions the "relevance" of this question.  *See* Compl., ECF #1 at 3.

Because Plaintiff has three strikes, he may not bring a civil action without prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C.

3

§ 1915(g). Plaintiff alleges that Governor Abercrombie converted OCCC's holding unit from single to double occupancy cells, Warden Sequeira placed him in administrative segregation without cause or evidence in retaliation for filing numerous civil complaints, and Nieto falsely accused him of unspecified charges, failed to investigate, failed to produce evidence against him, and kept him in administrative segregation. Compl., ECF #1 at 5-7. Plaintiff alleges no facts against Sgt. Maesaka. Plaintiff says he is suffering from claustrophobia and nightmares and lives in constant fear for his life.

These facts do no support the existence of an imminent danger of serious physical injury when he commenced this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*") ("the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"). Although Plaintiff alleges that he is claustrophobic, is having nightmares, and lives in fear for his life, these vague and completely speculative fears are insufficient to support a claim of imminent danger of serious physical injury. *See Marshall v. Florida Dept. of Corrections*, 2009 WL 1873745 at *1 (N.D. Fla. June 27, 2009) (finding "vague and non-specific threats and 'danger' at the hands of correctional officers" insufficient to meet § 1915(g)'s "imminent danger of serious physical injury" exception).

This case is easily distinguishable from *Andrews II*. In *Andrews II*, the plaintiff alleged facts indicating that he had suffered a particular injury, that the defendants knew of a particular harm to him, and that the defendants had failed to act to address the harm. 493 F.3d at 1050-51. In other words, the plaintiff in *Andrews II* alleged sufficient facts to put the named defendants on notice of the harm. Plaintiff articulates no specific facts indicating that any named Defendant is subjecting him to imminent danger from any particular and specific harm. Plaintiff thus fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

**C.   Order to Show Cause**

*Andrews I* allows the court to raise the § 1915(g) problem *sua sponte*, but generally requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and to give the prisoner an opportunity to be heard on the matter before dismissing the action. *See* 398 F.3d at 1120. Once a court gives such notice, the prisoner bears the burden of showing that § 1915(g) does not bar pauper status for him. *Id.* at 1116.

Because Plaintiff does not plausibly allege that he is under imminent danger of serious physical injury, he is ordered to show cause within thirty days from the date this order is

5

filed, on or before **June 30, 2012**, why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative, Plaintiff may avoid dismissal by paying the full $350.00 filing fee by the court's deadline.

**C.    Plaintiff's IFP Application is Denied as Incomplete**

Further, because Plaintiff's pending IFP application is incomplete, it is DENIED. *See* 28 U.S.C. § 1915(a)(2). If Plaintiff intends to show cause, rather than pay the filing fee, he is ORDERED to concurrently submit a fully completed IFP application. Failure to file a response within thirty days from the date of this order, **on or before June 30, 2012**, showing good cause, or pay the full filing fee, or submit a complete IFP application, will result in the dismissal of this action without further notice to Plaintiff.

**D.    Motion For Appointment of Counsel is Denied**

All pending motions, including Plaintiff's motion for appointment of counsel, are DENIED without prejudice to refiling after Plaintiff's *in forma pauperis* status has been determined. Plaintiff is NOTIFIED that, until he submits a fully completed IFP application and responds to the OSC, the court will not consider any motions or documents he has filed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 31, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tierney v. Abercrombie, et al.,* Civ. No. 12-00293 LEK/KSC; ORDER DENYING IN FORMA PAUPERIS APPLICATION AND MOTION FOR APPOINTMENT OF COUNSEL; AND ORDER TO SHOW CAUSE; psas/3 Strikes Ords/DMP/2012/oscs/Tierney 12-293 lek (double cell)