IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY, #A0201434 | CIVIL NO. 12-00293 LEK/KSC |
| Plaintiff, | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND |
| vs. | DISMISSING ACTION |
| NEIL ABERCROMBIE, et al., | |
| Defendants. | |

**<u>ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION</u>**

Before the court is *pro se* Plaintiff Michael C. Tierney's prisoner civil rights complaint and amended *in forma pauperis* ("IFP") application. Plaintiff alleges that Defendants Hawaii Governor Neil Abercrombie, Oahu Community Correctional Center ("OCCC") Warden Francis Sequeira, OCCC Adjustment Committee Member Rochelle Nieto, and OCCC Staff Investigator Sgt. Maesaka violated his constitutional rights by placing him in administrative segregation, finding him guilty of a disciplinary infraction, and converting OCCC from "single occupancy prison to double occupancy." Compl., ECF #1 at 5-7. For the following reasons, Plaintiff's IFP application is DENIED and this action is DISMISSED without prejudice to Plaintiff's filing a new action accompanied by the statutory filing fee.

## I. BACKGROUND

Plaintiff filed this action on May 24, 2012. Compl., ECF #1. Plaintiff alleges that Governor Abercrombie converted OCCC's holding unit from single to double occupancy cells, Warden Sequeira placed him in administrative segregation without cause or evidence in retaliation for filing numerous civil complaints, and Nieto falsely accused him of unspecified charges, failed to investigate, failed to produce evidence against him, and kept him in administrative segregation. Compl., ECF #1 at 5-7. Plaintiff alleges no facts against Sgt. Maesaka. Plaintiff says he is suffering from claustrophobia and nightmares and lives in constant fear for his life. When he filed this Complaint, Plaintiff was incarcerated at OCCC but was transferred to the Halawa Correctional Facility ("HCF") thereafter.

On May 31, 2012, the court ordered Plaintiff to show cause why he should be allowed to proceed IFP in this action in light of his numerous prior dismissals and apparent three-strike bar under 28 U.S.C. § 1915(g). Order to Show Cause ("OSC"), ECF #6. The court also denied Plaintiff's IFP application as incomplete, and instructed Plaintiff to provide a complete IFP form when he responded to the OSC. On June 8, 2012, Plaintiff responded to the OSC and filed a new, fully completed IFP application. *See* Response, ECF #7, IFP application, #8.
//

## II.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

The federal courts' publicly available electronic records, http://pacer.psc.uscourts.gov, ("PACER"), reveal that Plaintiff has filed numerous civil actions in this and other federal courts that were dismissed as frivolous or for failing to state a claim.[1]  *See e.g., Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (finding that Plaintiff had three strikes under 28 U.S.C. § 1915(g)); *Tierney v. Clinton*, 1996 WL 310171 (D.C. Cir. May 28, 1996), *aff'g Tierney v. Clinton*, Civ. No. 1:95-01268 UNA (dismissing action as frivolous); *Tierney v. United States*, Civ. No. 11-00082 HG Doc. No. 6 (D. Haw. 2011) (dismissing as frivolous and finding Plaintiff had accrued three strikes);

---

[1] The court may raise the § 1915(g) problem *sua sponte*, and the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not bar pauper status for him.  *See Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005) ("*Andrews I*").

3

*Tierney v. United States*, Civ. No. 10-00675 HG (D. Haw. 2010) (dismissing as frivolous and finding Plaintiff had accrued three strikes); *Tierney v. United States*, Civ. No. 10-00166 HG (D. Haw. 2010) (dismissing as frivolous and finding the dismissal counted as a strike); *Tierney v. United States*, Civ. No. 08-00543 HG (D. Haw. 2010) (dismissing as frivolous); *Tierney v. United States*, Civ. No. 08-00326 JMS (D. Haw. 2008) (finding complaint failed to state a claim); *Tierney v. Quiggle*, Civ. No. 96-5995 (W.D. Wash. 1997).

### III. **DISCUSSION**

In his Response, Plaintiff asserts he is in imminent danger of serious physical injury because he has been repeatedly placed in close proximity to inmates on his enemy list and "has suffered harm as a result." Response, ECF #7. Plaintiff further claims that he is suffering from respiratory distress due to exposure to friable asbestos at HCF, he is being tortured by the dentists at HCF, OCCC, and at the Waiawa Community Correctional Center ("WCCC"), and denied medical and dental care.

These vague allegations do not support the existence of imminent danger of serious physical injury related to Defendants Abercrombie's, Sequeira's, Nieto's, and Maesaka's alleged actions placing Plaintiff in a double occupancy administrative segregation cell or finding him guilty of a disciplinary infraction. First, Plaintiff's obscure claims that he has

4

suffered past harms because he was housed near his enemies are completely unrelated to his claims here and do not support a finding that he was in danger at the time that he commenced this action against Defendants. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*") ("the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"). This applies as well to his alleged asbestos exposure after he transferred to HCF; it is clear he is complaining of the conditions of confinement at OCCC not at HCF in this action.

Second, Plaintiff does not explain how Defendants are liable for his alleged exposure to asbestos after he was transferred to HCF, or for the alleged denial of dental and medical care. These allegations do not form the basis of his claims against Abercrombie, Sequeira, Nieto, and Maesaka. Moreover, Plaintiff has raised his medical and dental care and asbestos claims in other cases,[2] and cannot "bootstrap" these allegations as alleged evidence of imminent danger of serious physical injury for his claims against Defendants Abercrombie, Sequeiera, Nieto, and Maesaka. That is, Plaintiff cannot use these unrelated claims against different and unrelated defendants

---

[2] *See e.g.*, *Tierney v. Atkins*, 1:12-cv-000308 (alleging asbestos exposure); *Tierney v. Okamoto*, 1:11-cv-00800 (alleging inadequate dental care); *Tierney v. Unknown Dentist*, 1:11-cv-00369 (alleging inadequate dental care); *Tierney v. Hamada*, 1:12-cv-00117 (alleging inadequate dental care).

5

to support a finding of imminent danger of serious physical injury in every subsequent action that he files.

Plaintiff articulates no specific facts indicating that Defendants are or were subjecting him to imminent danger from any particular harm at the time that he filed this Complaint, or that their decision to place him in a double cell or find him guilty of a disciplinary infraction subjected him to such harm. Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

The court has explicitly informed Plaintiff numerous times that he has accrued three strikes, in previous cases and in the OSC in this action. *See Andrews I*, 398 F.3d at 1120 (requiring defendants or the court to notify a plaintiff of dismissals supporting a § 1915(g) dismissal before granting defendants' motion to revoke IFP and dismiss case). The court also notified Plaintiff that he may not bring a civil action without prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff ignores the court's explicit instructions in the OSC and provides no specific facts from which the court can infer that he was in imminent danger of serious physical injury at the time he filed this action, or as a result of any named Defendant's actions. Plaintiff fails to allege the imminent

6

danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

## IV. CONCLUSION

For the reasons set forth above, the court:

(1) DENIES Plaintiff's *in forma pauperis* application;

(2) DISMISSES this action without prejudice for Plaintiff's failure to prepay the $350 filing fee pursuant to 28 U.S.C. § 1914(a);

(3) NOTIFIES Plaintiff that he is barred from proceeding *in forma pauperis* in future federal civil actions or appeals while he is incarcerated pursuant to 28 U.S.C. § 1915(g), without a plausible showing of imminent danger of serious physical injury;

(4) CERTIFIES that an appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

//
//
//
//

(5) DIRECTS the Clerk of Court to close the case file.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 29, 2012.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tierney v. Abercrombie*, 1:12-cv-00293 LEK/KSC; ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION; psas/3 Strikes Ords/DMP/2012/Tierney 12-293 lek (dny ifp dsm)